1  ARTURO M. CISNEROS #120494
   BRIAN S. THOMLEY #275132
2  MALCOLM ♦ CISNEROS
   A Law Corporation
3  2112 Business Center Drive, Second Floor
   Irvine, California 92612
4  Telephone:    (949) 252-9400
   Telecopier:   (949) 252-1032
5  arturo@mclaw.org; bthomley@mclaw.org

6  Counsel for Caliber Home Loans, Inc.

7

8            **UNITED STATES BANKRUPTCY COURT**

9      **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**

10

11 | In re | Case No. 4:13-bk-45642-RLE

12 | REGINA ROSE FRAZIER, | Chapter 13

13 | Debtor. | *Hon. Roger L. Efremsky*

14 |  | **NOTICE OF SURPLUS FUNDS AND RELATED ACTIONS**

15

16

17  **TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES BANKRUPTCY**

18  **COURT JUDGE, AND TO THE CHAPTER 13 TRUSTEE:**

19         **PLEASE TAKE NOTICE** that, on October 17, 2017, the real property located at 165

20  Francisco Street, Berkeley, California 94703 ("Property"), which is property of this Chapter 13

21  estate, was sold at a non-judicial foreclosure sale which yielded surplus proceeds (i.e., funds

22  received over and above the foreclosing party's lien) of $122,812.35.  On June 14, 2018, the

23  trustee of the deed of trust, Barrett Daffin Frappier Treder & Weiss, LLP filed a complaint in

24  interpleader against the debtor, Regina Rose Frazier ("Debtor"), who had submitted a claim to

25  the funds, Caliber Home Loans, Inc. ("Caliber") and other parties in the Superior Court for the

26  County of Alameda as Case No. HG18908757, entitled, *Barrett Daffin Frappier Treder &*

27  *Weiss, LLP vs. Regina Frazier et al*.  On August 21, 2018, Debtor filed an answer to the

28  complaint.  On September 14, 2018, Caliber filed an answer to the complaint.  Thereafter,

Case: 13-45642    Doc# 100    Filed: 10/24/18    Entered: 10/24/18 09:38:08    Page 1 of
25

counsel for Caliber learned of this bankruptcy case. Caliber requests that the Court take judicial notice of all pleadings in the interpleader action which (minus exhibits) are attached hereto as Exhibits "1" through "3."

In addition, on October 12, 2017, Debtor filed an action against Rushmore Loan Management Services, Inc. and other parties in the Superior Court for the County of Alameda as Case No. RG17878556, entitled, *Regina Frazier vs. Rushmore Loan Management Services, LLC et al.*, seeking damages and other relief arising from the trustee's sale of the Property. On November 3, 2017, Debtor filed a first amended complaint in this action. Caliber requests that the Court take judicial notice of the first amended complaint which is attached hereto as Exhibit "4."

Debtor apparently has not disclosed the surplus proceeds or her claims arising from the trustee's sale to either the Court or the Chapter 13 trustee, although such proceeds and claims are property of the estate and may be relevant to whether Debtor's amended Chapter 13 plan still complies with the requirements of the Bankruptcy Code, including the "best interests" test of 11 U.S.C. section 1325(a)(4). *See, e.g.*, *In re Barbosa*, 235 F.3d 31 (1st Cir. 2000); *In re Walker*, 153 B.R. 565 (Bankr. D. Or. 1993); *In re Profit*, 269 B.R. 51 (Bankr. D. Nev. 2001), *reversed on other grounds in* 283 B.R. 567 (9th Cir. BAP 2002).


Dated: October 24, 2018

MALCOLM ♦ CISNEROS, a Law Corporation

By:   */s/ Arturo M. Cisneros*
      ARTURO M. CISNEROS
      Attorney for Caliber Home Loans, Inc.

Case: 13-45642    Doc# 100    Filed: 10/24/18    Entered: 10/24/18 09:38:08    Page 2 of
25
NOTICE OF SURPLUS FUNDS AND RELATED ACTIONS

**EXHIBIT 1**


20737553

EDWARD A. TREDER
State Bar No. 116307
LAWRENCE D. HARRIS
State Bar No. 153350
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(626) 915-0289- Fax
larryh@bdfgroup.com–Email
File No. 7472103

Attorneys for Plaintiff
BARRETT DAFFIN FRAPPIER TREDER &
WEISS, LLP

**F I L E D**
ALAMEDA COUNTY

JUN 1 4 2018

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP,<br><br>            Plaintiff,<br><br>vs.<br><br>REGINA FRAZIER, a/k/a REGINA FRAIZER, an individual; CALIBER HOME LOANS, INC., a Delaware corporation; and DOES 1 to 20, inclusive,<br><br>            Defendants. | CASE NO. **HG18908757**<br><br>UNLIMITED CIVIL<br><br>**FILE BY FAX<br>PER CRC<br>2.303** |

### FIRST CAUSE OF ACTION

**(Interpleader CCP §386 et seq.)**

1. Plaintiff BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP ("Plaintiff") is a Texas limited liability partnership qualified to do business and doing business in California.

2. The subject matter of this action in interpleader is the sum of $122,812.35, which represents the surplus proceeds ("Surplus Funds") not disbursed following the non-judicial foreclosure sale of that certain real property located in the County of Alameda, State of California, commonly known as **1615 Francisco Street, Berkeley, CA 94703** (the

COMPLAINT IN INTERPLEADER
-1-

1    "Property").

2    　　　　3.　　Plaintiff is informed and believes and on that basis alleges that Defendant

3    REGINA FRAZIER, a/k/a REGINA FRAIZER ("Frazier") is an individual and the former

4    owner of the Property, and is currently a resident of the City of Berkeley, Alameda County,

5    California.

6    　　　　4.　　Plaintiff is informed and believes and on that basis alleges that Defendant

7    CALIBER HOME LOANS, INC. ("Caliber") is, and at all times relevant herein was, a

8    corporation organized under the laws of the State of Delaware, qualified to do business and

9    doing business in California, with its principal place of business located in the City of

10   Irving, Dallas County, Texas.

11   　　　　5.　　Plaintiff alleges that the true names and capacities of defendants sued herein

12   as DOES 1 through 20, inclusive, are unknown to Plaintiff, who joins said fictitiously named

13   defendants as parties to this action pursuant to Cal. Code of Civil Procedure § 474.  Plaintiff

14   will seek to amend its complaint to state the true names and capacities of said defendants

15   once they have been ascertained.

16   　　　　6.　　Plaintiff is informed and believes and on that basis alleges that each of the

17   defendants sued herein as DOES 1 through 20, inclusive, claims some right, title, estate, lien,

18   or other interest in the Property that has been extinguished by the sale of the Property, and

19   now claims an interest in the Surplus Funds which are the subject of this action.

20   　　　　7.　　As of March 21, 2017, Plaintiff was and is the duly appointed Trustee under

21   the deed of trust ("Deed of Trust") recorded in the Official Records of the County Recorder

22   for Alameda County, California on August 30, 2005, at Instrument No. 2005370854.   The

23   original trustee named in the Deed of Trust was Golden West Savings Association Service

24   Co.   A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "1"** and

25   incorporated herein by reference.

26   　　　　8.　　Plaintiff was substituted as trustee under the Deed of Trust by a Substitution

27   of Trustee recorded in the Official Records of the County Recorder for Alameda County,

28

COMPLAINT IN INTERPLEADER
-2-

California on March 23, 2017, at Instrument No. 2017068083.    A true and correct copy of the Substitution of Trustee is attached hereto as **Exhibit "2"** and incorporated herein by reference.

9.    The Deed of Trust was a mortgage lien on the Property, which is legally described as set forth in the Deed of Trust.

10.    Plaintiff is informed and believes and on that basis alleges that the borrower and trustor of the Deed of Trust, and former owner of the Property, was Defendant REGINA FRAZIER, a/k/a REGINA FRAIZER.

11.    Plaintiff is informed and believes and on that basis alleges that Defendant CALIBER HOME LOANS, INC. claims an interest in the Surplus Funds based upon a subordinate deed of trust originally in favor of The CIT Group, as Lender ("CIT Deed of Trust") executed by Defendant Frazier, executed on March 31, 2006 and recorded in the Official Records of Alameda County, California on April 7, 2006, at Instrument No. 2006136969.  A true and correct copy of said CIT Deed of Trust is attached hereto as **Exhibit "3"** and is incorporated herein by this reference.

12.    Plaintiff is informed and believes and on that basis alleges that on October 17, 2017, the Property was sold at a non-judicial foreclosure sale held in accordance with the procedures prescribed by Cal. Civil Code §§ 2924 *et seq.*   A Trustee's Deed Upon Sale was thereafter issued and delivered to SGT Investments, LLC at to a 50% interest, and Honman Investments, LLC, as to a 50% interest, the successful purchasers at the sale.  A true and correct copy of said Trustee's Deed Upon Sale is attached hereto as **Exhibit "4"** and is incorporated herein by this reference.

13.    Plaintiff is informed and believes and on that basis alleges that the Property was sold for an amount that was greater than the amount owed on the foreclosed Deed of Trust, and that the sale generated surplus proceeds in the amount of $122,812.35 ("Surplus Funds").

14.    There currently remains surplus foreclosure proceeds in the amount of

EXHIBIT 1
PAGE 5

1  $122,812.35, less Plaintiff's trustee's fees and attorneys' fees and costs for bringing this

2  action.

3        15.     Pursuant to Cal. Civil Code § 2924j(b), Plaintiff exercised due diligence in

4  attempting to determine the existence and order of priority of the liens that existed and that

5  were junior to the foreclosed deed of trust, and any other junior interests, and gave notice to

6  potential claimants. True and correct copies of the Trustee's Sale Guarantee and various

7  endorsements are attached hereto as **Exhibit "5"** and are incorporated herein by this

8  reference.

9        16.     Plaintiff is informed and believes and on that basis alleges that the following

10  defendants have submitted written claims of entitlement to the Surplus Funds: REGINA

11  FRAZIER, a/k/a REGINA FRAIZER and CALIBER HOME LOANS, INC.

12        17.     Plaintiff holds the Surplus Funds in the total amount of $122,812.35, as a

13  disinterested stakeholder for the benefit of those persons whose right, title, estate, lien, or

14  other interest in the real property was extinguished by said foreclosure sale in the order of

15  priority prescribed by Cal. Civil Code § 2924k.

16        18.     Plaintiff alleges that, despite good faith due diligence efforts, Plaintiff is

17  unable to determine the priority and/or validity of the potential remaining claims, or to

18  safely distribute the remaining sale proceeds without risk of liability to one or more of the

19  potential claimants.

20        19.     Plaintiff is a disinterested stakeholder and does not claim an interest in the

21  Surplus Funds, except to the extent that it is entitled to payment of its reasonable attorneys'

22  fees and costs upon discharge pursuant to CCP §386.6. Plaintiff does not dispute its

23  obligation to pay the remaining proceeds to the person or persons legally entitled thereto.

24                        **PRAYER FOR RELIEF**

25      WHEREFORE, Plaintiff prays for judgment as follows:

26        1.     That defendants be ordered to respond to this Complaint, and to litigate their

27  respective claims and rights to the Surplus Funds;

28

COMPLAINT IN INTERPLEADER<br>-4-

EXHIBIT 1<br>PAGE 6

Case: 13-45642    Doc# 100    Filed: 10/24/18    Entered: 10/24/18 09:38:08    Page 7 of 25

1       2.    That Plaintiff be discharged from any and all liability to defendants with

2 respect to the Surplus Funds;

3       3.    That defendants be enjoined from prosecuting any claims against Plaintiff

4 with respect to the Surplus Funds;

5       4.    For reasonable attorneys' fees and costs incurred herein to be paid from the

6 Surplus Funds before distribution to any claimant; and

7       5.    For such other and further relief as the Court deems proper.

8

9                                 BARRETT DAFFIN FRAPPIER
                                   TREDER & WEISS, LLP

10

11

12 Dated: June 14, 2018           By: _____

13                                  EDWARD A. TREDER
                                 LAWRENCE D. HARRIS
                                 Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT IN INTERPLEADER
-5-

EXHIBIT 1
PAGE 7

**EXHIBIT 2**

1  Michael Yesk (SB#130056)
   Yesk Law
   70 Doray Drive, Suite 14
2  Pleasant Hill, CA 94523-2981
   (925) 849-5525
3  yesklaw@gmail.com
   Attorney for Defendant
4  Regina Frazier

**FILED BY FAX**
ALAMEDA COUNTY

August 21, 2018

CLERK OF
THE SUPERIOR COURT
By Cheryl Clark, Deputy

CASE NUMBER:

**HG18908757**

5

6

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **COUNTY OF ALAMEDA**

9

10  BARRETT DAFFIN FRAPPIER TREDER &  )  Case No: HG18908757
    WEISS, LLP,                      )  Related Case No.: RG17878556
11                                   )  The Honorable Paul Herbert
                  Plaintiff,         )  Dept. 20
12                                   )  Judge for all purposes
          v.                         )
13                                   )  DEFENDANT REGINA FRAZIER'S
    REGINA FRAZIER, CALIBER HOME     )  ANSWER TO COMPLAINT IN
14  LOANS, INC., AND DOES 1-20,      )  INTERPLEADER
    INCLUSIVE,                       )
15                                   )  Complaint filed:  June 14, 2018
                  Defendants.        )  Trial Date:  Not assigned
16                                   )
                                     )
17                                   )

18

19      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20      COMES NOW Defendant Regina Frazier, and Answers the Complaint in Interpleader as

21  follows:

22      Defendant Frazier admits paragraphs 3, 10, 12, 13, 14, Paragraph 16 Frazier admits that

23  she submitted a written claim for the surplus funds but denies each and every other allegation

24  contained therein on lack of information and belief.

25

26

DEFENDANT REGINA FRAZIER'S ANSWER TO COMPLAINT IN INTERPLEADER- 1

1    Defendant Frazier lacks information and belief sufficient to admit or deny the following

2   paragraphs of the Complaint, and on that basis denies them: 1, 2, 4, 5, 6, 7, 8, 9, 11, 15, 16 (as set

3   forth above) 17, 18, and 19.

4
                                      AFFIRMATIVE DEFENSES
5
                                    **FIRST AFFIRMATIVE DEFENSE**
6                                   (Failure To State A Cause Of Action)

7    Defendant alleges that the Complaint fails to allege facts sufficient to state any causes of

8   action against her.

9
                                   **SECOND AFFIRMATIVE DEFENSE**
10                                  (Equitable Defenses-Unclean Hands)

11   Defendant alleges that the Complaint, and any of the causes of actions contained therein,

12  are barred by the equitable doctrines of unclean hands.

13
                                    **THIRD AFFIRMATIVE DEFENSE**
14                                      (Equitable Defenses-Laches)

15   Defendant alleges that the Complaint, and any of the causes of actions contained therein,

16  are barred by the equitable doctrines of laches.

17
                                   **FOURTH AFFIRMATIVE DEFENSE**
18                                (Equitable Defenses-Estoppel And Waiver)

19   Defendant alleges that Plaintiff's conduct, including but not limited to his failure to notify

20  Defendant of the certain occurrences complained of, operated as estoppel and waiver of any

21  rights to file this action.
                                    **FIFTH AFFIRMATIVE DEFENSE**
22                                (PLAINTIFF'S CLAIM TO FUNDS SUPERIOR)

23   Defendant hereby alleges that her claim to the Surplus Funds is superior to Plaintiff's or

24  Defendant Caliber Home Loans' claim for the Surplus Funds.

25

26


        DEFENDANT REGINA FRAZIER'S ANSWER TO COMPLAINT IN INTERPLEADER- 2

## SIXTH AFFIRMATIVE DEFENSE
### (Consent/ Acquiescence)

Plaintiff acquiesced in and/ or consented to the acts and omissions alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Plaintiff and/or each named Defendant named in the Complaint did not exercise ordinary care, caution and prudence in connection with the transactions and events alleged in the Complaint and Plaintiff is therefore barred entirely from recovery against Defendant or alternatively, Plaintiff should have the recovery, if any, proportionately reduced, and/or each named Defendant named in the Complaint should contribute to the judgment in this case, if any there is.

## EIGHTH AFFIRMATIVE DEFENSE
### (Uncertainty)

Plaintiff's claim(s) fail(s) for uncertainty.

WHEREFOR, DEFENDANT PRAYS THAT:

1. Plaintiff take nothing by their Complaint;

2. Plaintiff not be discharged from liability,

3. Plaintiff be required to stay as a party and participate in the litigation,

4. For such other and further relief as may be just and proper.

DATED: August 20, 2018                   Respectfully submitted,

Michael Yesk
Attorney for Plaintiffs

DEFENDANT REGINA FRAZIER'S ANSWER TO COMPLAINT IN INTERPLEADER- 3

**EXHIBIT 3**

1    ARTURO M. CISNEROS #120494

2    JENNIFER E. JANA #270497
      MALCOLM ♦ CISNEROS

3    2112 Business Center Drive
      2nd Floor

4    Irvine, California 92612
      Telephone:   (949) 252-9400

5    Telecopier:   (949) 252-1032
      arturo@mclaw.org; jjana@mclaw.org

6    Counsel for Defendant CALIBER HOME LOANS, INC.

**FILED BY FAX**
ALAMEDA COUNTY
September 14, 2018
CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy
CASE NUMBER:
**HG18908757**

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **COUNTY OF ALAMEDA**

10   BARRETT DAFFIN FRAPPIER TREDER     Case No. HG18908757
      & WEISS, LLP,

11                             *Assigned to: Hon. Paul D. Herbert*
           Plaintiff,                   *Dept. 20*

12

13       vs.                                  **ANSWER TO COMPLAINT**

14    REGINA FRAZIER, a/k/a REGINA
      FRAIZER, an individual; CALIBER HOME

15    LOANS, INC., a Delaware corporation; and     *Complaint filed: June 14, 2018*
      DOES 1 to 20, inclusive,

16            Defendants.

17

18

19

20

21        COMES NOW Defendant CALIBER HOME LOANS, INC. ("Defendant" herein), by

22 and through its counsel of record, and hereby answers the Complaint filed herein by Plaintiff

23 BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP ("Plaintiff"), by answering as

24 follows:

25        1.       Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information

26 upon which to admit or deny any of the allegations therein and, based upon such lack of

27 information denies each and every one of those allegations.

28    ///

1

ANSWER TO COMPLAINT

1  ARTURO M. CISNEROS #120494
   JENNIFER E. JANA #270497
2  MALCOLM ♦ CISNEROS
   2112 Business Center Drive
3  2nd Floor
   Irvine, California 92612
4  Telephone:    (949) 252-9400
   Telecopier:   (949) 252-1032
5  arturo@mclaw.org; jjana@mclaw.org

6  Counsel for Defendant CALIBER HOME LOANS, INC.

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF ALAMEDA**

10 | BARRETT DAFFIN FRAPPIER TREDER | Case No. HG18908757
   | & WEISS, LLP,
11 |                                | *Assigned to: Hon. Paul D. Herbert*
   |          Plaintiff,            | *Dept. 20*
12 |
   | vs.
13 |                                | **ANSWER TO COMPLAINT**
   | REGINA FRAZIER, a/k/a REGINA
14 | FRAIZER, an individual; CALIBER HOME | *Complaint filed: June 14, 2018*
   | LOANS, INC., a Delaware corporation; and
15 | DOES 1 to 20, inclusive,
16 |          Defendants.

17

18

19

20

21       COMES NOW Defendant CALIBER HOME LOANS, INC. ("Defendant" herein), by

22  and through its counsel of record, and hereby answers the Complaint filed herein by Plaintiff

23  BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP ("Plaintiff"), by answering as

24  follows:

25       1.    Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information

26  upon which to admit or deny any of the allegations therein and, based upon such lack of

27  information denies each and every one of those allegations.

28  ///

                                    1
                          ANSWER TO COMPLAINT

2.    Answering Paragraph 2 of the Complaint, Defendant admits the allegations therein.

3.    Answering Paragraph 3 of the Complaint, Defendant lacks sufficient information upon which to admit or deny any of the allegations therein and, based upon such lack of information denies each and every one of those allegations.

4.    Answering Paragraph 4 of the Complaint, Defendant admits the allegations therein.

5.    Answering Paragraphs 5 and 6 of the Complaint, Defendant lacks sufficient information upon which to admit or deny any of the allegations therein and, based upon such lack of information denies each and every one of those allegations.

6.    Answering Paragraphs 7, 8, and 9 of the Complaint, Defendant admits the allegations therein.

7.    Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information upon which to admit or deny any of the allegations therein and, based upon such lack of information denies each and every one of those allegations.

8.    Answering Paragraphs 11, 12, 13, and 14 admits the allegations therein.

9.    Answering Paragraph 15, Defendant lacks sufficient information upon which to admit or deny any of the allegations therein and, based upon such lack of information denies each and every one of those allegations.

10.    Answering Paragraph 16 of the Complaint, Defendant admits submitting a written claim of entitlement to the subject Surplus Funds. Except as admitted herein, Defendant lacks sufficient information upon which to admit or deny any of the allegations therein and, based upon such lack of information denies each and every one of those allegations.

11.    Answering Paragraph 17, Defendant admits the allegations therein.

12.    Answering Paragraph 18, Defendant lacks sufficient information upon which to admit or deny any of the allegations therein and, based upon such lack of information denies each and every one of those allegations.

13.    Answering Paragraph 19, Defendant admits the allegations therein.

2

ANSWER TO COMPLAINT

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Reservation of Right to Assert Additional Defenses)**

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether or not it has any, as yet unstated affirmative defenses available. The Complaint does not appear to seek affirmative relief against Defendant, other than a determination of Defendant's lien interest priority so as to pay from the proceeds of the sale of the subject property those legally entitled thereto, and, on that basis, Defendant does not presently assert any affirmative defense. Discovery has not yet been completed in this case and additional facts may be uncovered during the course of discovery which give rise to additional affirmative defenses.

Defendant reserves the right to assert additional affirmative defenses in the event that they are indicated by the evidence.

WHEREFORE, Defendant prays for judgment as follows:

1. That any judgment herein acknowledges and confirms the lien interest of Defendant in the subject property pursuant to the Deed of Trust recorded on April 7, 2006 under Instrument No. 2006136969 in the Official Records of the Alameda County and attached to the Complaint as Exhibit "3" (the "Deed of Trust") and declare that lien interest superior to any interest of any other defendant herein.

2. That the amount due on the outstanding obligation and secured by the Deed of Trust be paid in full to Defendant;

3. For attorney's fees and costs of suit incurred herein and in accordance with the terms of the Deed of Trust and the related underlying obligation; and

///

///

///

///

///

3

ANSWER TO COMPLAINT

1        4.      For such other and further relief as this Court may deem just and proper.

2   Dated:  September 14, 2018

3                              MALCOLM ◆ CISNEROS
                               A Law Corporation

4

5                    By:

6                        JENNIFER E. JANA
                         Counsel for Defendant CALIBER HOME LOANS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        4
                               ANSWER TO COMPLAINT

EXHIBIT 3
PAGE 15

**EXHIBIT 4**

1 | Michael Yesk (SB#130056)
Yesk Law
70 Doray Drive, Suite 16
2 | Pleasant Hill, CA 94523
(925) 849-5525
3 | yesklaw@gmail.com
Attorney for Plaintiff
4 | Regina Frazier

**FILED BY FAX**
ALAMEDA COUNTY

November 03, 2017

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

CASE NUMBER:

**RG17878556**

5

6

7                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                              **COUNTY OF ALAMEDA**

9

10 | REGINA FRAZIER,                         ) Case No: RG17878556
                                            )
11 |          Plaintiff,                     )
                                            ) **FIRST AMENDED COMPLAINT for**
12 |     v.                                  ) **Violation of California Civil Code Section**
                                            ) **2924.11 Dual Tracking, and for monetary**
13 | RUSHMORE LOAN MANAGEMENT                ) **damages pursuant to CC 2924.12**
     SERVICES, LLC; US BANK NATIONAL         )
14 | ASSOCIATION AS LEGAL TITLE              ) JURY TRIAL DEMANDED
     TRUSTEE FOR TRUMAN 2016 SC6 TITLE       )
15 | TRUST; BARRETT DAFFIN FRAPPIER          )
     TREDER & WEISS, LLP; AND DOES 1-10,     )
16 | INCLUSIVE,                              )
                                            )
17 |          Defendants.                    )
                                            )
18 | _____    )

19

20        COMES NOW the Plaintiff REGINA FRAZIER, complaining against the Defendants,

21 | and each of them, as follows:

22                              **INTRODUCTION**

23        1.     This is an action brought by Plaintiff REGINA FRAZIER ("Plaintiff") against

24 | Defendants Rushmore Loan Management Services, LLC ("Rushmore"), US BANK NATIONAL

25 | ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

26 | ("US BANK") Barrett Daffin Frappier Treder & Weiss, LLP, and DOES 1-10, INCLUSIVE, for

FIRST AMENDED COMPLAINT - 1

EXHIBIT 4
PAGE 16

1  violations of California Civil Code Sections 2924.17. Plaintiffs seek monetary relief for the

2  foreclosure of Plaintiff's home during the Loan Modification Process.  Statutory Damages are

3  actual damages or $50,000, whichever is greater.  Civil Code Section 2924.12.

4      2.      Plaintiffs allege on information and belief that Defendants violated provisions of

5  the California Homeowner Bill of Rights ("HBOR") in that Plaintiff had provided Defendant

6  Rushmore with a complete loan modification application and Defendant Rushmore erroneously

7  and fraudulently denied that a complete application had been received.

8      3.      Plaintiffs allege that an actual controversy has arisen and now exists between

9  Plaintiff and Defendants as to whether a complete loan modification application had been

10  provided to Defendant Rushmore prior to the foreclosure sale which occurred on or about

11  October 17, 2017.

12                              **PARTIES**

13      4.      At all relevant times, Plaintiff Regina Frazier owned the Subject Property, located

14  at 1615 Francisco St., Berkeley, CA 94703, APN 058-2157-012-00 ("Subject Property").

15      5.      Plaintiffs allege on information and belief that Defendant Rushmore Loan

16  Management Services, LLC, ("Rushmore") is a limited liability company under the laws of the

17  State of Delaware, doing business in Alameda County California.

18      6.      Plaintiff alleges on information and belief that Defendant BARRETT DAFFIN

19  FRAPPIER TREDER & WEISS, LLP ("Defendant" or "Barrett Daffin"), is a limited liability

20  partnership authorized to do business in California.

21      7.      Plaintiff alleges on information and belief that US Bank National Association as

22  Legal Title Trustee for Truman 2016 SC6 Title Trust ("US Bank") is a Trust of unknown status,

23  that gives its address on the Assignment of Deed of Trust recorded in the Alameda County

24  Recorder's Office as Document No. 2017196355.

25      8.      The true names and capacities of Defendants sued herein as DOES 1-10,

26  INCLUSIVE, are unknown to Plaintiffs, who therefore sue them by such fictitious names

FIRST AMENDED COMPLAINT - 2

1  pursuant to Code of Civil Procedure section 474.  Plaintiffs will amend this Complaint to state

2  the true names and capacities of these Defendants once they have been ascertained. Plaintiffs

3  allege on information and belief that each of these Defendants was in some manner legally

4  responsible for the acts herein alleged and for Plaintiffs' damages.

5  **VENUE AND JURISDICTION**

6       9.     The Court has personal jurisdiction over the parties because they are residents of

7  the State of California or are doing business in the County of Alameda, State of California.

8       10.     The Subject Property is located within the boundaries of Alameda County,

9  California, and the events complained of occurred in Alameda County. Thus, jurisdiction and

10  venue are properly with this Court.

11  **STATEMENT OF FACTS**

12       11.     On or about August 30, 2005, Plaintiff took out a loan with the now-defunct

13  World Savings Bank, FSB ("World Savings") in the amount of $490,000. Plaintiff executed a

14  Promissory Note ("Note") and a Deed of Trust ("DOT") to secure the loan. The DOT listed

15  World Savings as the lender and beneficiary.

16       12.     Wells Fargo Bank, N.A. claims to be the successor-in-interest to World Savings

17  Bank.  Wells Fargo Bank, N.A. purportedly assigned its interest in the Deed of Trust (if any it

18  had) to Wells Fargo Bank South Central, N.A. in a document recorded in the Alameda County as

19  Document No. 2017196354.  Wells Fargo Bank South Central, N.A. on the same day, September

20  7, 2017, purportedly assigned its interest (if any it had) to US Bank National Association as

21  Legal Title Trustee for Truman 2016 SC6 Title Trust, recorded in the Alameda County

22  Recorder's Office as Document No. 2017196355.

23       13.     In 2017, Plaintiff began negotiating with US Bank's purported servicer Rushmore

24  for a loan modification or other foreclosure alternatives.  Plaintiff was represented throughout the

25  loan modification process by a professional loan modification service, Canyon Capital

26  Corporation ("Canyon").

FIRST AMENDED COMPLAINT - 3

EXHIBIT 4
PAGE 18

14. After submitting the loan modification package, and providing all documents requested by Rushmore, **Plaintiff, through Canyon had submitted a complete loan package.**

### FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA CIVIL CODE § 2924.11
**(Against All Defendants)**

15. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth hereafter.

16. California Civil Code Section 2924.12(b) provides that a borrower may bring an action for monetary damages for a material breach of the dual tracking prohibition of Civil Code Section 2924.11. Monetary damages may be awarded in the amount of treble actual damages or $50,000, whichever is greater.

17. California Civil Code Section 2924.11 provides a prohibition against recording a Notice of Default, Notice of Sale or conducting a foreclosure sale while the complete foreclosure alternative is pending, and before a written determination has been provided to borrower.

18. Borrower has been informed and believes that the foreclosure sale on the Subject Property took place on October 17, 2017 at 12:30pm.

19. As set forth above, the claimed current servicer of the loan was provided with a complete loan modification application, including all requested documents, by Canyon prior to the foreclosure sale occurring. The Servicer fraudulently claims, as is their ordinary custom and practice, that they had not received a complete packet. The fact that Rushmore lied to Plaintiff and her agent shows that their material violation was reckless at best and was more likely intentional misconduct.

20. Plaintiff and her independent third-party provider both attest that a complete packet was provided, and have the evidence of sending the complete packet to the servicer. Said loan modification application contains private financial records and will be provided pursuant to a confidentiality agreement or protective order.

FIRST AMENDED COMPLAINT - 4

1        21.    Despite the fact that the purported Servicer Rushmore had a complete loan

2    modification application packet, Rushmore and U.S. Bank, as Trustee, instructed Barrett to

3    conduct the foreclosure sale on October 17, 2017. Defendant Barrett did not perform any

4    investigation as to who the actual beneficiary of the Deed of Trust was at that time, as California

5    law states that only the person or entity that holds the original wet-ink Note is permitted to

6    foreclose, and the stated Beneficiary of the Deed of Trust is completely irrelevant.

7        22.    WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of

8    them, set forth below:

9

10                                  **PRAYER FOR RELIEF**

11    WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

12        1.    For a declaration of the rights of the parties with respect to the Subject Property;

13        2.    For monetary damages in the amount to be proven at trial

14        3.    For treble actual damages or statutory damages of $50,000, whichever is greater;

15        4.    For costs of suit and statutory attorneys' fees herein incurred; and

16        5.    For such other relief as the Court may deem just and proper.

17                               **DEMAND FOR JURY TRIAL**

18    Plaintiff hereby demands a trial by jury of each and every claim so triable.

19

20     

21    DATED: November 2, 2017

22                                     Michael Yesk
                                 Yesk Law

23                                     Attorneys for Plaintiff

24

25

26

                            FIRST AMENDED COMPLAINT - 5

EXHIBIT 4
PAGE 20

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 2112 Business Center Drive, Second Floor, Irvine, CA, 92612.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF SURPLUS FUNDS AND RELATED ACTIONS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 1002-2; and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 24, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Martha G. Bronitsky     13trustee@oak13.com
Mark D. Estle    mdestle@estlelaw.com
Dane Wyatt Exnowski     dane.exnowski@mccalla.com, bankruptecyecfmail@mccalla.com
Office of the U.S. Trustee/Oak     USTPRegion17.OA.ECF@usdoj.gov
Stan E. Riddle    sr4law.stan@gmail.com, sriddlecalendar@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) October 24, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Regina Rose Frazier
6495 Portola Drive
El Cerrito, CA 94530

Hon. Roger L. Efremsky
Attn: Monica Burley, Courtroom Deputy
U.S. Bankruptcy Court
1300 Clay Street, Suite 300
Oakland, CA 94612

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/24/18 | Christina Valenzuela | /s/ Christina Valenzuela |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |